IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GEORGE MICHAEL BASS                                                                  PLAINTIFF

v.                                                                      No. 4:15-cv-00077-GHD-SAA

MARSHALL L. FISHER, ET AL.                                                        DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of George Michael Bass,

who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the

Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit.

The plaintiff alleges that the defendants failed to provide him with a case plan as a parole eligible

inmate under Miss. Code Ann. § 47-7-3.1. For the reasons set forth below, the instant case will be

dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff alleges that the defendants have failed to develop a case plan for him, and he

believes that the defendants are required to do so under Miss. Code Ann. § 47-7-3.1 – Case plan for

parole eligible inmates, which reads:

> (1) In consultation with the Parole Board, the department shall develop a case plan for
> all parole eligible inmates to guide an inmate's rehabilitation while in the department's
> custody and to reduce the likelihood of recidivism after release.
>
> (2) Within ninety (90) days of admission, the department shall complete a case plan on
> all inmates which shall include, but not limited to:
>
> > (a) Programming and treatment requirements based on the results of a risk and
> > needs assessment;
> >
> > (b) Any programming or treatment requirements contained in the sentencing
> > order; and
> >
> > (c) General behavior requirements in accordance with the rules and policies of

the department.

(3) The department shall provide the inmate with a written copy of the case plan and the inmate's caseworker shall explain the conditions set forth in the case plan.

> (a) Within ninety (90) days of admission, the caseworker shall notify the inmate of their parole eligibility date as calculated in accordance with Section 47-7-3(3);
>
> (b) At the time a parole-eligible inmate receives the case plan, the department shall send the case plan to the Parole Board for approval.

(4) The department shall ensure that the case plan is achievable prior to inmate's parole eligibility date.

(5) The caseworker shall meet with the inmate every eight (8) weeks from the date the offender received the case plan to review the inmate's case plan progress.

(6) Every four (4) months the department shall electronically submit a progress report on each parole-eligible inmate's case plan to the Parole Board. The board may meet to review an inmate's case plan and may provide written input to the caseworker on the inmate's progress toward completion of the case plan.

(7) The Parole Board shall provide semiannually to the Oversight Task Force the number of parole hearings held, the number of prisoners released to parole without a hearing and the number of parolees released after a hearing.

Miss. Code Ann. § 47-7-3.1. As the court reads the statute, it appears that Mr. Bass is correct.

He submitted a prison grievance requesting that he receive a case plan; however, in a June 9, 2014, response to Bass' request, the Mississippi State Penitentiary Superintendent stated that § 47-7-3.1 was not retroactive. In another inmate's case, however, the Sunflower County Circuit Court disagreed, finding that the statute is, indeed, retroactive. *Drankus v. Fisher*, No. 2015-0011 (Sunflower Co., Miss., Circuit Court, Order of June 2, 2015). Thus, based upon the state court's ruling, it appears that, under state law, Mr. Bass is entitled to a case plan.

### Claims Regarding Parole

The plaintiff's claims are based upon state law; as such, they must be dismissed for failure to state a federal claim upon which relief could be granted. Violation of state law does not, alone, give rise to a cause of action under § 1983. *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982). Next, the

Due Process Clause provides protection only from those state procedures which imperil a protected liberty or property interest. *Olim v. Wakinekona*, 461 U.S. 238, 250-51, 103 S. Ct. 1741, 1748, 75 L. Ed. 2d 813 (1983). Thus, unless the Mississippi statutes governing parole afford prisoners a liberty or property interest, the prisoners cannot mount a procedural or substantive due process challenge to parole process. *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Mississippi parole statutes do not, however, bestow a liberty or property interest to prisoners; hence, Mississippi prisoners cannot challenge the decisions of the parole board on due process grounds. *Irving v. Thigpen*, 732 F.2d 1215, 1218 (5th Cir. 1984). Therefore, the plaintiff's due process claims should be dismissed for failure to state a constitutional claim. The plaintiff's final claim, equal protection, must fail, as well, as he has not identified "two or more relevant persons or groups" which the government has classified and treated differently, to the plaintiff's detriment; thus this final claim should be dismissed as for failure to state a federal claim. *Vera v. Tue*, 73 F.3d 604, 609-10 (5th Cir. 1996). In sum, all of the plaintiff's claims should be dismissed for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii).

## Conclusion

For the reasons set forth above, That the instant case will be dismissed for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. § 1915(g). A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the _23rd_ day of July, 2015.

_____
SENIOR JUDGE

- 3 -